WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eulandas J Flowers, | No. CV-15-02670-PHX-JAT (BSB) |
| Petitioner, | **ORDER** |
| v. | |
| James O'Neil, | |
| Respondent. | |

Pending before this Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that the Court find that Petitioner's Eighth Amendment claim is not procedurally barred from federal habeas review. (Doc. 26 at 16). Alternatively, the R&R recommends that if this Court finds Petitioner's Eighth Amendment claim to be procedurally barred, the Court refer this case back to the Magistrate Judge for a further R&R on whether Petitioner can establish a basis to excuse the procedural bar. (*Id*.).

## I. Supplemental Briefing

As a preliminary matter, this Court asked the parties to brief whether this Court's decision in another case affected the outcome of this case. (Doc. 28). Both parties appear to agree that they do not wish to have the Court apply the reasoning in that case to this case. In other words, both parties appear to agree that this Court should apply only *Miller* (and not *Montgomery*) to decide the merits of Petitioner's case (although it appears the parties have significantly different interpretations of what *Miller* held). Because both

parties agree that this Court should not apply the other case, the Court will not do so.

## II. Review of R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). Because Respondent objected to the R&R, the Court will review the portions of the R&R to which there was an objection de novo.

## III. Procedural History and Recommendation Regarding Exhaustion

The R&R recounted the procedural history of this case in state court, and neither party objected to this recounting. (Doc. 26 at 2-4). Accordingly, the Court accepts it. As is relevant to the objections, after the Supreme Court decided *Miller v. Alabama*, 132 S.Ct. 2455 (2012), Petitioner filed a petition for post-conviction relief ("PCR") on September 13, 2012. (Doc. 26 at 3). The trial court denied this PCR on October 8, 2012. (Doc. 2-2 at 7-8). On October 23, 2012, Petitioner "amended" the September 13, 2012 notice. The trial court dismissed the first notice and the "amended" notice as untimely, and concluded that Petitioner had not shown that *Miller* was a significant change in the law. (Doc. 26 at 3). Petitioner did not appeal the trial court's dismissal of his first PCR

or the trial court's dismissal of his second/amended PCR to the Arizona Court of Appeals. (*Id*.).

Counting Petitioner's September 13, 2012 filing as one PCR, and Petitioner's "amended" notice as a second PCR, Petitioner filed a third PCR on June 23, 2013 requesting relief under *Miller*. (*Id*.). As the R&R recounts:

> The trial court found that Petitioner had not shown that *Miller* was a significant change in the law that applied to his case and dismissed the third notice. Petitioner sought review of that dismissal in the Arizona Court of Appeals. The appellate court granted review, but denied relief. The court found that Petitioner's claim was procedurally barred because he had raised it in a prior post-conviction proceeding. The appellate court denied Petitioner's subsequent motion for reconsideration. Petitioner sought review in the Arizona Supreme Court, and the court denied review on January 5, 2016.
>
> On January 25, 2016, in *Montgomery v. Louisiana*, __ U.S. ___, 136 S. Ct. 718 (2016), the United States Supreme Court held that *Miller* applies retroactively to cases on collateral review. [footnote omitted] On October 3, 2016, the United States Supreme Court denied Petitioner's petition for writ of certiorari with respect to the Arizona Court of Appeals' decision affirming the trial court's dismissal of Petitioner's third notice for postconviction relief.

(Doc. 26 at 3-4) (citations omitted).

In this case, it is undisputed that Petitioner did not exhaust his first and second PCR petitions in state court. Petitioner did appeal his third PCR petition through the state courts. However, to "exhaust" his state remedies, Petitioner must have "fairly presented" his Eighth Amendment claim to the state's highest court in a procedurally correct manner. (Doc. 26 at 7). The R&R concludes that the third PCR keeps Petitioner's Eighth Amendment claim from being procedurally defaulted because the state procedural rule the Arizona Court of Appeals relied on to deny relief was not independent of federal law. Respondent objects and argues that the Eighth Amendment claim was not fairly presented to the state courts and is procedurally defaulted because the ground on which the Arizona Court of Appeals rejected Petitioner's third PCR petition was independent of federal law. (Doc. 27 at 5-6).

The Arizona Court of Appeals held:

> We deny relief. [Petitioner] raised this same issue in his previous

post-conviction relief proceeding. Any claim a defendant raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2.a. None of the exceptions allowed under Rule 32.2.b. apply. Although the trial court did not dismiss the notice on this ground, any court on review may find an issue is precluded regardless of whether the State raises preclusion. [citation omitted].

(Doc. 2-2 at 105-106).

The R&R concludes that when the Arizona Court of Appeals said, "None of the exceptions allowed under Rule 32.2.b. apply" the Arizona Court of Appeals must have substantively been concluding that *Miller* was not a change in the law that would entitle Petitioner to relief. (Doc. 26 at 15).[1] The R&R further concludes that because considering *Miller* required an application of federal law, Arizona's preclusion rule as applied to Petitioner's state court case was not independent of federal law. (Doc. 26 at 15).

Conversely, Respondent argues that when the Arizona Court of Appeals stated "None of the exceptions allowed under Rule 32.2.b. apply" it was merely stating that

---

[1] Specifically, the R&R stated:

Petitioner argues that the Arizona Court of Appeals' determination that his Eighth Amendment claim based on *Miller* did not fit within the Rule 32.1(g) exception to Rule 32.2(a)'s rule of preclusion necessarily required consideration of federal law. (Doc. 24 at 14-16.) Petitioner explains that Rule 32.2(a)(2) precludes any claim that was "[f]inally adjudicated on the merits . . . in any previous collateral proceeding." (Doc. 24 at 15.) However, that rule of preclusion does not apply to claims based on "a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence." See Ariz. R. Crim. P. 32.2(b) (stating the Rule 32.2(a) shall not apply to a claim for relief based on Rule 32.1(d), (e), (f), (g) and (h); and Ariz. R. Crim. P. 32.1(g)). Petitioner argues that, in his case, the application of Rule 32.1(g) is not independent of federal law because the determination of whether Rule 32.1(g) applies is interwoven with federal law, in this case, the Eighth Amendment as explained in *Miller*. (Doc. 24 at 15.)…

As previously noted, Rule 32.1(g) applies when "there has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence." Ariz. R.Crim. P. 32.1(g). In concluding that Petitioner did not satisfy any exceptions allowed in Rule 32.2(b), including Rule 32.1(g), the appellate court did not specify whether Rule 32.1(g) did not apply because Petitioner failed to show that *Miller* was a "significant change in the law," or failed to show that *Miller* applied to his case, or failed to show that *Miller* would probably overturn his sentence, or failed to make all of these showings….

(Doc. 26 at 14).

there had been no change in the law between Petitioner's first and second/amended *Miller* based PCRs and Petitioner's third *Miller* based PCR; thus, there was no exception that would overcome Petitioner's failure to appeal the denial of his first and second/amended *Miller* based PCRs. (Doc. 27 at 7). Respondent concludes that this holding was independent of federal law.

As discussed in the R&R, Rule 32.1(g) applies when "there has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence." Ariz. R.Crim. P. 32.1(g). As Respondent notes, the Arizona Court of Appeals' discussed only the first of the three requirements of this section. (Doc. 27 at 7). Further, Respondent notes that the trial court in the PCR subject to the appeal discussed all three elements of this section, but the Court of Appeals noted it was denying relief for a different reason. (Doc. 27 at 8). Respondent finally notes that the Arizona Court of Appeals expressly rejected that it was reaching the substance of the Federal *Miller* claim because Petitioner's *Miller* claim had previously been presented to the state courts. (Doc. 27 at 7).

Against this record, the Court agrees with Respondent that the most compelling reading of the Arizona Court of Appeals' decision is that the Court was applying the state law preclusion rule without considering the substance of *Miller* because Petitioner had at least once, and arguably twice, previously presented a *Miller* claim to the state courts. Under this reading of the Court of Appeals' decision, the state rule is independent of Federal law.[2]

Based on the foregoing, the Court will reject the R&R's first recommendation that this Court find that Arizona's preclusion rule, as applied in Petitioner's final PCR proceeding, was not independent of federal law. As to the R&R's second recommendation, that the Court refer this case back for a further R&R regarding whether

_____

[2] The Court notes that the R&R assumed without deciding that the state law based preclusion rule was adequate. (Doc. 26 at 15). The Court further notes that Petitioner disputes this conclusion. (Doc. 26 at 12-13).

Petitioner can establish cause and prejudice to overcome his failure to exhaust this claim, the Court will do so, but subject to the R&R also addressing whether the state procedural bar was adequate (within the same R&R) if Petitioner continues to maintain it was not.

**IV.    Conclusion**

   **IT IS ORDERED** that the Report and Recommendation (Doc. 26) is accepted in part and rejected in part as indicated above.  The objections (Doc. 27) are sustained as indicated above.  This case is re-referred to Magistrate Judge Bridget S. Bade for a second Report and Recommendation.

   Dated this 11th day of December, 2017.

James A. Teilborg
Senior United States District Judge