**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eulandas J. Flowers,<br><br>    Petitioner,<br><br>v.<br><br>James O'Neil,<br><br>    Respondent. | No. CV-15-02670-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the second Report and Recommendation ("R&R") from the Magistrate Judge recommending the petition in this case be denied. (Doc. 43). Petitioner has filed objections to the R&R. (Doc. 47).

**I.**    **Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts

not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

The Court will review the portions of the R&R to which there was an objection de novo. However, the Court notes that Petitioner states in his objections, "Because this Court is reviewing the parties' arguments discussed in the R&R *de novo*, Mr. Flowers will confine his discussion here to matters that the magistrate judge overlooked." (Doc. 47 at 1). This is an incorrect statement of the law. The Court is reviewing *de novo* only the portions of the R&R to which there is an objection. Petitioner's statement that "Mr. Flowers specifically asks the Court to conduct *de novo* review of the issues raised in the R&R" cannot overcome this Circuit's *en banc* case law that this Court need only review *de novo* factual and legal issues to which there is an objection. *See Reyna-Tapia*, 328 F.3d at 1121.

**II.    Procedural History**

As stated in the Order at Doc. 31, this Court has accepted the procedural history of this case as set forth in the first Report and Recommendation (Doc. 26).

**III.   R&R's Conclusions and Recommendation**

The R&R concludes and recommends that this Court find that Petitioner did not present his claim under *Miller v. Alabama*, 132 S.Ct. 2455 (2012) to the state courts within the state procedural requirements, (Doc. 43 at 10-11), that the state court's requirements are adequate and independent of federal law (Doc. 43 at 11-15), and that the state court's rules were not applied in an exorbitant manner (Doc. 43 at 15-18); thus, Petitioner's claims are procedurally barred from consideration by this Court. The R&R further concludes and recommends that this Court find that Petitioner has not shown cause and prejudice or actual innocence to excuse his procedural default. (Doc. 43 at 19-23). Thus, the R&R recommends that this Court deny the petition. (Doc. 43 at 24). As discussed further below, Petitioner has objected to specific portions of the R&R.

## IV. Objections

Petitioner objected to the R&R on three grounds, arguing: 1) the R&R is "too solicitous" of state procedures; 2) the R&R should have applied *Martinez v. Ryan*, 566 U.S. 1 (2012) as cause to excuse his default; and 3) the R&R should have applied the actual innocence exception of *Schlup v. Delo*, 513 U.S. 298, 327 (1995), to Petitioner's noncapital sentence. (Doc. 47).

### A. State Procedures

The Court is not exactly clear as to the nature of Petitioner's argument in objection one. First, Petitioner argues that the R&R did not address his argument that the Arizona Court *sua sponte* raising a procedural bar was not an adequate basis in state law to procedurally default a federal claim. (Doc. 47 at 2). However, the R&R discussed this issue at length. (Doc. 43 at 12-18). Petitioner in reality is disputing the R&R's reasoning. Specifically, Petitioner argues that the R&R concluding that the state court may follow the state rules is "too solicitous" of the state rules. (Doc. 47 at 2).

While the Court is not exactly clear what Petitioner is proposing, it appears Petitioner is arguing that in this case the state rules are so unfavorable to him that the federal court should refuse to apply those rules as a procedural bar to a federal claim. (Doc. 47 at 2). However, there is a test for this type of argument, and the R&R applied said test. (Doc. 43 at 15-16).[1]

Petitioner makes no specific objection as to how the R&R erred in concluding that the state's procedural rule was not applied in an exorbitant manner. Instead, citing nothing,

---

[1] Specifically, the R&R states:
> "Ordinarily, violation of 'firmly established and regularly followed' state rules . . . will be adequate to foreclose review of a federal claim . . . ." *Lee*, 534 U.S. at 376. "There are, however, exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Id*. Generally, state rules are deemed inadequate if they are either "selectively applied to bar the claims of certain litigants," or "unsettled due to ambiguous or changing state authority." *Wood*, 130 F.3d at 377. A discretionary procedural bar may be deemed inadequate "when discretion has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law." *Walker v. Martin*, 562 U.S. 307, 320 (2011) (internal quotation marks and citation omitted).

Petitioner argues that by not permitting him to brief the issue prior to ruling, the state court discriminated against Petitioner's exercise of a federal right. (Doc. 47 at 3). The Court is unclear how Petitioner is defining discrimination in this case, but the Court sees no evidence in this record that the state court's procedural rule was applied in an exorbitant manner. Thus, the Court agrees with the R&R and the objection is overruled.

### B. *Martinez*

Next, Petitioner argues that the R&R erred in not applying *Martinez v. Ryan*, 566 U.S. 1 (2012), to his case. As the R&R discusses, *Martinez* applies to unexhausted ineffective assistance of trial counsel claims. (Doc. 43 at 20). Here, Petitioner has an unexhausted sentencing claim. Applying the limitations set forth in *Davila v. Davis*, 137 S.Ct. 2058 (2017), the R&R concludes that because Petitioner does not have an ineffective assistance of trial counsel claim, *Martinez* cannot excuse his procedural default. (Doc. 43 at 20-21).

Petitioner objects and argues that *Davila* did not address Petitioner's specific circumstances (*Davila* held that *Martinez* does not apply to ineffective assistance of appellate counsel claims (Doc. 43 at 21)); therefore, the R&R erred to read *Davila* as limiting *Martinez* as applied to Petitioner. (Doc. 47 at 3). While Petitioner is correct *Davila* did not directly address Petitioner's argument in this case, it is clearly a limit, not an expansion, of *Martinez*. Thus, this Court agrees with the R&R that *Martinez* by its own terms and consistent with *Davila* is limited to ineffective assistance of trial counsel claim. Accordingly, *Martinez* cannot provide cause to excuse Petitioner's failure to exhaust his sentencing claim and this objection is overruled.

### C. *Schlup*

Finally, Petitioner objects to the R&R's conclusion that *Schlup v. Delo*, 513 U.S. 298, 327 (1995), does not apply to his claim. As the R&R discusses, *Schlup* allows a habeas court to consider a procedurally defaulted claim if Petitioner is actually innocent. (Doc. 43 at 22). The R&R further notes that this exception to the general rule that the Court cannot consider procedurally defaulted claims has been expanded to include death

penalty sentencing claims. (*Id*.). Finally, the R&R notes that neither the Supreme Court nor the Ninth Circuit Court of Appeals has expanded this exception to include noncapital sentences. (*Id*. at 22-23). The R&R declined to expand this exception to include Petitioner's noncapital sentence.

Petitioner objects to the R&R not expanding *Schlup* to include noncapital sentencing claims. (Doc. 47 at 3-4). This Court agrees with the R&R that this Court must follow existing Supreme Court case law which generally holds that this Court cannot consider procedurally defaulted claims. Petitioner's argument that expanding the exception in this case has not been foreclosed by any controlling court is not a basis for this Court to recognize a new exception in the first instance.[2] Accordingly, this objection is overruled.

## V.     **Certificate of Appealability**

The R&R recommends that this Court issue a certificate of appealability on this Court's procedural ruling. (Doc. 43 at 24). In responding to Petitioner's objections, Respondent objects to this recommendation and asks this Court to deny a certificate of appealability. (Doc. 48 at 4-5).

In this case, the Court has denied Petitioner's habeas petition on procedural grounds. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the objections, Respondents argue that Petitioner has not shown that jurists of

---

[2] Moreover, the Court does not find that the exception should be expanded. Were the exception to be expanded as argued by Petitioner, comity would be severely undermined because no constitutional challenge to a noncapital sentence would need to be exhausted in state court. The Court recognizes that Petitioner attempts to frame this expansion of *Schlup* as being limited to defendants who are "ineligible" to receive their sentence. But for Petitioner's argument to apply to Petitioner's case, this exception would have to encompass all constitutional challenges because to date the Supreme Court has never held that a juvenile who commits a homicide crime can never receive a sentence of life without the possibility of parole; thus, the fact that Petitioner was a juvenile does not make him "ineligible" for his sentence.

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. (Doc. 48 at 5). Specifically, Respondents argue that even if this Court were to reach the merits of Petitioner's claim under *Miller v. Alabama*, 132 S.Ct. 2455 (2012), it is not debatable that the claim would fail. (*Id.*). Applying *Bell v. Uribe*, 748 F.3d 857, 869 (9th Cir. 2014), Respondents argue that because Petitioner was not sentenced to life without the possibility of parole under a mandatory sentencing scheme that did not give the sentencing judge discretion, *Miller* has no applicability to his case.[3]

This Court has considered this issue in another case. This Court found,

> *Miller*, by its express language, applies only to juveniles who received mandatory life without the possibility of parole sentences. 567 U.S. at 479. [footnote omitted] However, as this Court discussed at length in its prior orders, there appears to be a lingering question among courts as to whether *Miller* is actually limited to its express language. (Docs. 47 and 60). Specifically, in *Montgomery* and *Tatum* the Supreme Court made statements that hint at *Miller* applying to many more sentencing schemes. (Doc. 69 at 6-7). And Petitioner has cited a number of courts that have held that *Miller* applies to juveniles in discretionary sentencing schemes. (Doc. 77 at 4-6).
> However, as Respondents point out in the response (Doc. 78 at 1-4) the scope of *Miller* remains an unsettled question. Thus, the decision of the Arizona Courts in this regard cannot be contrary to or an unreasonable application of clearly established federal law. Accordingly, habeas relief will be denied on this second alternative basis.

*Amaral v. Ryan*, CV 16-594, Doc. 80 at 7 (D. Ariz. December 20, 2018).

This Court continues to agree with this prior order that the scope of *Miller* remains an unsettled question. Thus, the Court finds that Petitioner's constitutional question is debatable.

As to whether this Court's procedural ruling is debatable, the Court finds it is debatable as to two points: 1) whether the state court's ruling was independent of federal law (Docs. 26 and 31); and 2) whether the *Schlup* actual innocence exception should apply to claims challenging the constitutionality of noncapital sentences. A certificate of appealability is denied as to all other issues in this case because the Court finds that no other aspect of this Court's procedural ruling is debatable.

---

[3] The parties and the Court agree that this Court should not apply *Montgomery v. Louisiana*, 136 U.S. 718 (2016) to Petitioner's case. (Doc. 31).

## VI. Conclusion

Based on the foregoing, the Court finds that the state court's procedural ruling was adequate and independent, and the claim in this case is procedurally defaulted without excuse to overcome the default; therefore,

**IT IS ORDERED** that the Report and Recommendation (Doc. 43) is accepted, the objections (Docs. 47 and 48) are overruled, the Petition is dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is granted as to only the following two issues: 1) whether the state court's ruling was independent of federal law (*see* Docs. 26 and 31); and 2) whether the *Schlup* actual innocence exception should apply to claims challenging the constitutionality of noncapital sentences.

Dated this 18th day of January, 2019.

*[signature]*

James A. Teilborg
Senior United States District Judge